## JOHN W. MELICK, ALFRED S. EAGLES AND ENOCH EUGENE CRANE v. ELLIS L. FOSTER.

Argued November 9, 189?—Decided February 26, 1900.

1. Action on a contract under seal with the plaintiffs, made by the defendant and one John V. Wise, parties of the first part, which recited that all the parties were engaged together in the coal business in the township of Morris, in the county of Morris, under the corporate name of the Morristown Coal Company, and that the plaintiffs were about to purchase the interests of the defendant and W. in the business. The declaration, after reciting the purchase and the consideration paid, averred that Wise and Foster covenanted with the plaintiffs for the term of five years; that they would aid and assist in every way, except financially, the plaintiffs in their coal business known as the Morristown Coal Company, and that Wise and Foster would not enter into the coal business for the term of five years nor act as agent or agents of any coal company or coal merchants, nor directly nor indirectly engage in business pertaining to the sale of coal. *Held,* that these two covenants, when construed in connection with the other parts of the agreement, relate to the business in the township of Morris.

2. The breach assigned is that Foster, within the five years, at the township of Morris, entered into the coal business other than the business of the Morristown Coal Company, and that he acted as agent of other coal merchants and engaged in business pertaining to the sale of coal other than the business of the Morristown Coal Company; that he became a partner of the firm of Sands, Weeks & Company, coal merchants, and continued in the coal business during the residue of the five years. *Held*, that on this construction of the covenant, the question whether it be a reasonable limitation or such a contract in restraint of trade as would be void must arise at the trial.

3. A copy of the contract was annexed to the declaration, with a statement, "as by the said indenture reference thereto being had that it may more fully and at large appear." *Held*, that this averment is not sufficient to make the writing annexed to the declaration part of the pleading. The court cannot, on demurrer, take notice of a writing annexed to the declaration unless it be referred to in the body of the pleading as so annexed.

4. In the declaration, as well as in the covenant itself as annexed, the allegation is of a joint and several contract—joint as to those things required to be done by both parties jointly, such as the sale of the property, and several with respect to those acts to be done by either party. *Held*, that on a covenant which is joint and several the covenantors may be sued jointly for any act that is a breach of the covenant, though done by one, and where it is several as well as joint, either may be sued for any act done that is a breach of the covenant, as a joint covenant. The act complained of in this case being the act of Foster, the suit was properly brought against him on the covenant as his several covenant.

5. In an action for the breach of the covenant, whether the damages recoverable shall be liquidated damages or not is a question that can arise only at the trial. A contract in due form, with a proper allegation of breach, presents a cause of action which will stand the test of a demurrer. The *ad damnum* clause annexed to the declaration is all that is necessary to support the pleading.

On demurrer to the declaration.

For the plaintiffs, *Mahlon Pitney.*

For the defendant, *Charlton A. Reed.*

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

The opinion of the court was delivered by

DEPUE, J. This is an action on contract upon a covenant with the plaintiffs, made by the defendant and one John V. Wise, parties of the first part, signed and executed August 25th, 1892. The declaration contains a recital that, "Whereas, the said parties of the first part had been engaged in the sale of Lehigh coal in the township of Morris, in the county of Morris and State of New Jersey, with the said parties of the second part, under the corporate name of the Morristown Coal Company, and the said parties of the second part are about to purchase the interest of the said parties of the first part in and to the said coal company." Then, after reciting the consideration paid for the purchase-money, the declaration sets out the agreement in these words: "That the said parties of the first part, in consideration," &c., "doth covenant and agree to and with the said parties of the second part as follows: First, that they will, for the term of five years from the date of these presents, aid and assist in every way, except financially, the parties of the second part in their coal business as aforesaid, known as the Morristown Coal Company; they will not enter into the coal business for the term of five years, nor act as agent or agents of any coal company or coal merchants, nor directly nor indirectly engage in business pertaining to the sale of coal, under a penalty of $3,000, to be collected as liquidated damages; that they will, if they conveniently can, renew for another year the notes so given as consideration for the sale of their interest in said coal company upon their respective expirations. For the faithful performance of all and every of the above covenants, they and each of them bind themselves, jointly and severally, firmly by these presents." The breach averred is "that the said Ellis L. Foster, on January 1st, 1896, and within the five years, at the said township of Morris, entered into certain coal business other than the business of the Morristown Coal Company; that he acted as agent of certain other coal merchants and engaged in business pertaining to the sale of coal other than the business of the Morristown Coal Company; that he became a partner

of the firm of Sands, Weeks & Co., coal merchants, &c., and continued in the coal business during the residue of the five years."

To this declaration there was a demurrer. The following causes of demurrer were assigned :

*First.* That the covenant sued on is void in that it is in restraint of trade.

It is apparent, from the recitals in this agreement, that the parties contracted with. respect to the business of selling coal in the township of Morris. The agreement recites that the parties were engaged in the coal business in that township and that the plaintiffs bought out the interest of Wise and Foster in the business. The substance of the covenant sued on is that Wise and Foster would, for the term of five years, aid and assist in every way, except financially, the plaintiffs in their coal business known as the Morristown Coal Company. That covenant is undoubtedly good, both with respect to the limitations as to time and space. Then follows another covenant—that Wise and Foster would not enter into the coal business for the term of five years nor act as agent or agents of any coal company or coal merchant, nor directly nor indirectly engage in business pertaining to the sale of coal. These two covenants, on their face, appear to be separate covenants, but when construed in connection with the other parts of the agreement both relate to the business at Morristown. If it is practicable to give a contract founded on good consideration a construction that will make it legal, the court will do so rather than adopt a construction that will invalidate it. The breach assigned is with respect to Foster's engaging in the coal business at Morristown, acting as agent. On this construction of the covenant, the question whether it be a reasonable limitation or such a contract in restraint of trade as would be void must arise at the trial. *Wallis* v. *Day,* 2 *Mees. & W.* 273 ; *Pilkington* v. *Scott,* 15 *Id.* 657 ; *Hartley* v. *Cummings,* 5 *C. B.* 247, and *King* v. *Hansell,* 5 *Hurlst. & N.* 106, are decisions affirming the validity of covenants of the character of that now in question. The

subject has been so fully discussed in *Trenton Potteries Co.* v. *Oliphant,* 13 *Dick. Ch. Rep.* 507, that further discussion is unnecessary.

*Second.* That the covenant is joint and several, whereas the copy of the agreement annexed to the declaration and referred to therein shows that said covenant is a joint covenant and not a joint and several covenant, and that there are no acts charged which are a breach thereof as a joint covenant.

At the outset it may be said that the reference to this agreement, which is usual at common law in counting on a covenant, as by the said indenture reference thereto being had that it may more fully and at large appear, does not comply with the section of the Practice act which authorizes a writing annexed to the declaration to be made part of the pleading. That section requires that the writing shall be referred to in the body of the pleading as so annexed. Although a copy of the writing is annexed to the declaration, the court cannot take notice of it on demurrer unless it be referred to in the body of the pleading as so annexed. *Harrison* v. *Vreeland,* 9 *Vroom* 366. In the declaration it is averred that for the faithful performance of all and every part of the said covenant, the said parties of the first part, and each of them, did bind themselves jointly and severally. This clause appears in the agreement in these words: "For the faithful performance of all and every of the above covenants, they and each of them bind themselves jointly and severally." In the declaration, as well as in the covenant, the allegation is of a joint and several contract—joint as to those things required to be done by both parties jointly, such as the sale of the property, and several with respect to those acts to be done by either party. On a covenant which is joint and several, the covenantors may be sued jointly for any act that is a breach of the covenant, though done by one; and where it is several as well as joint, either may be sued for any act done which would be a breach of the covenant as a joint covenant. Wise and Foster contracted with the plaintiffs that they would not enter into the coal business, nor act as agent or agents of any

coal company, nor directly nor indirectly enter into business pertaining to the sale of coal. A suggestion that the form of this covenant left either one of the parties at liberty to do acts which would violate the agreement, is not admissible. The substance of the agreement is that both should abstain from the acts stipulated for, and the covenant is broken by the doing of such an act by either. The act complained of being the act of Foster, the suit was properly brought against him on the covenant as his several covenant.

*Third.* That the statement of damages is uncertain, in that the defendant is not informed whether he must defend an action for liquidated damages or for damages to be proved by the evidence.

The question whether, on this breach of the covenant, the damages recoverable shall be liquidated damages or not, is a question that can arise only at the trial. A contract in due form, with a proper allegation of breach, presents a cause of action which will stand the test of a demurrer. The *ad damnum* clause annexed to the declaration is all that is necessary to support the pleading.

There should be judgment on the demurrer for the plaintiffs.